GEORGE P. McDONALD, PLAINTIFF-RESPONDENT, v. HENRY BECKER & SON, INCORPORATED, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellant, *Riker & Riker* (*Andrew Van Blarcom,* of counsel).

For the respondent, *William A. Dolan.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The appellant is the operator of a creamery and the respondent a dairyman. The suit was brought to recover the difference between the price actually paid for certain quantities of milk by the respondent delivered to, and received by the appellant, from November 1st, 1931, to January 1st, 1932, and a higher price which respondent insisted should have been paid.

Respondent relied upon a circular received by him from the appellant, known as *Exhibit P-1,* as being an offer to accept milk at prices based upon butter fat, at a basic rate of $3.70 per hundred pounds for three and five-tenths per cent. milk, such prices beginning November 1st, 1931, and having delivered milk thereunder a contract came into existence between them that required the appellant to pay for all three and five-tenths per cent. milk delivered by the respond-

ent for the period of November 1st, 1931, to January 1st, 1932, at $3.70 per hundred pounds for which he should have received a total of $2,781.60, but in fact received only $1,777.74 and consequently there was due him from appellant $1,003.86.

The appellant asserted that this paper (*P-1*) is not an offer but a mere example sent by it to producers explaining a proposed method of payment and further asserted that the prices to be paid were fixed by a notice on a bulletin board at the creamery and introduced in the case and known as *Exhibit D-7*.

There appears to be no material difference between these two exhibits, so far as prices are concerned, but appellant contends that *D-7,* as posted, contained the following: "Providing there is no reduction to city trade." This was disputed.

It appears that appellant made reductions to its city trade and also undertook to make reductions because thereof in the price paid to respondent but put the latter reductions in effect as to milk delivered before notice of the decreased price.

The result of the trial of the cause was a verdict in favor of the respondent and from the judgment entered thereon this appeal is taken by the defendant below.

The first ground for reversal appears to be that *Exhibit P-1* is not a contract or an offer looking to a contract and therefore it was error for the trial court to refuse to nonsuit and direct a verdict and also that it was error for the trial court to instruct the jury that *Exhibit P-1* was a contract.

We think there was no error in any of these directions, but that the paper in question was an offer on the part of the appellant and its acceptance by respondent by delivery of milk to the appellant made for a contract between the parties. Nor was it error to refuse to nonsuit because there was proof of the foregoing facts and situations which made for the respondent a *prima facie* case. Neither was it error to refuse to direct a verdict because at that time there was in the case not only the alleged contract as asserted by the respondent but that contended for by the appellant.

The second point urged for reversal is that the court erred in refusing to charge the following request: "If you find that the plaintiff sold and delivered milk to the defendant subject to a reduction by the defendant to its city trade, as mentioned in the circular placed on the bulletin board at the Lafayette Creamery, then the plaintiff might change its price and the plaintiff [defendant] would not be entitled to recover anything because he has been paid by the defendant according to the reduced prices."

We think it would have been error to so charge because the language of the request is such as to fix the right of the appellant not only to lower its price to producers but to do so without notice and as to milk delivered prior to the date not only of such notice but of such reduction to the "city trade."

The last point is that it was error to exclude testimony as to a trade custom that permits a creamery making reductions to its city trade to make a reduction to farmers.

We think it is unnecessary to discuss this ground because we are entirely unable to see how the appellant was prejudiced by this court action even if it was erroneous.

An examination of the court's charge will disclose that the case was submitted to the jury upon instructions entirely in accord with this theory of the appellant, the only exception being, apparently, that the appellant insisted that the contract it asserted permitted it to reduce the price it was required to pay respondent without notice and the court's instructions being based upon the principle that the reduction of price to the respondent was for milk delivered after notice, which instruction we approve of as a correct statement of law under the facts of this case.

That the jury followed these instructions is demonstrated by its verdict which was $532.90, being the amounts of three short payments for milk delivered from November 1st to November 15th, $96.90; November 15th to December 1st, $233.07, and December 1st to December 15th, $190.52, making a total of $520.49, which, with interest, made the amount of the verdict and resulting judgment.

Finding no harmful or prejudicial error, the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, VAN BUS-KIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.